## STATE v. MALLOY ALLRED.

*False Pretence—Indictment.*

Defendant was indicted under Bat. Rev. ch. 32, § 66, and the facts found
  by a special verdict were that he sold to prosecutor a pair of shoes at
  $1.40, received therefor $1.50, and paid him the ten cents change in
  counterfeit coin ; *Held*, not guilty of obtaining money by false token,
*(State v. Reese,* 83 N. C., 637, cited and approved.)

INDICTMENT for cheating by false tokens, tried at Spring
Term, 1880, of RANDOLPH Superior Court, before *Seymour, J.*

The state appealed from the ruling of the judge upon
the special verdict.

*Attorney General,* for the State.
*Mr. Jas. T. Morehead,* for the defendant.

SMITH, C. J. The defendant is charged with obtaining
from one David J. Staley, by means of a counterfeit half-
dime which the defendant knew to be such, good and law-
ful money of the United States of the value of sixpence,
with intent to cheat and defraud the said Staley. On the
trial, the jury rendered a special verdict in which they find
that the defendant sold a pair of shoes to the prosecutor at
the price of one dollar and forty cents, and received in pay-
ment one and a half dollars in two pieces of silver coin.
The defendant paid the difference in two spurious half-
dimes to the prosecutor, knowing that they were spurious
and worthless. Upon these facts, His Honor being of opin-
ion that they do not constitute the offence designated in
Battle's Bevisal, ch. 32, § 66, directed a verdict of not guilty
to be entered, and from the judgment thereon the solicitor
appeals.

The essence of the offence imputed to the defendant con-

sists in his obtaining the money of the prosecutor by means of and through the false and fraudulent pretence involved in passing two spurious as and for genuine half-dimes of the coinage of the United States, and in this aspect bears an analogy to those forms of larceny where (under pretence of hiring) a person with felonious intent gets possession of and converts the property of another to his own use. In such case, there is no legal assent to the change of possession in consequence of the vitiating effect of the fraud by which it was brought about.

The money of the prosecutor was not obtained by any fraudulent representation or practice by which he was induced to part with it, nor does it appear that any intent to cheat or defraud entered the mind of the defendant before he received it, and the criminality of his conduct is in paying over the change due, in counterfeit coin, that is, in passing counterfeit money with a knowledge of its character, and this is not the crime with which he is charged.

While we are not called upon to determine the sufficiency of the bill of indictment in form to warrant judgment had it been authorized by the verdict, yet to avoid an inference of our approval we suggest whether there is definitely described the property alleged to have been obtained from the prosecutor under the opinion in the recent case of *State* v. *Reese*, 83, N. C., 637.

There is no error. Let this be certified, &c.

PER CURIAM.                                    No error.